## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY (NEWARK)

| | |
|---|---|
| Stephen Giercyk, Ajay Das and James and Emma Immes, on behalf of themselves and all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> National Union fire Insurance Company of Pittsburgh, PA, d/b/a National Union Fire Insurance Company, a division of American International Group, Inc. (AIG), Healthextras, Inc., Healthextras Benefits Administrators, Inc., Catamaran Health Solutions, LLC f/k/a Catalyst Health Solutions, Inc., Healthextras Insurance Agency, Inc., American International Group, Inc., d/b/a Group Insurance Trust, for the account of Healthextras, Alliant Insurance Services, Inc., f/k/a Driver Alliant Insurance Services, Inc., Alliant Services Houston, Inc., f/k/a JLT Services Corporation, and Alliant Insurance, Services Houston, LLC, f/k/a Capital Risk, LLC and f/k/a Jardine Lloyd Thompson, LLC, and Virginia Surety Company, Inc. <br><br> Defendants. | Civil Action No: 2:13-cv-6272-~~FSH~~-MAH   *MCA* <br><br><br> CLASS ACTION |

**~~[proposed]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL, APPROVING THE NOTICE PLAN, AND SCHEDULING FAIRNESS HEARING**

Upon review and consideration of Plaintiffs'[1] unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") and the exhibits attached thereto, it is

HEREBY ORDERED, ADJUDGED, and DECREED as follows:

---

[1] Plaintiff simultaneously filed a Motion for Leave to File a Further Amended Complaint, which the Court may rule on via separate order.

## I. PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

1.      The Court has reviewed the Settlement Agreement, pleadings, and proceedings to date in this matter.  The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

2.      The Parties have agreed to resolve the above-captioned matter and the related Actions upon the terms and conditions set forth in the Settlement Agreement filed with the Court.  The Settlement Agreement is preliminarily approved as sufficiently fair, reasonable, and adequate to authorize dissemination of the notice described below.  In making this determination, the Court has considered the current posture of this action and the related Actions and the risks and benefits to the Parties involved in both Settlement of these claims and the continuation of all Actions, and finds that the Settlement between the Settlement Classes and the Defendants was arrived at by arm's-length negotiations by experienced counsel with the assistance of a well respected mediator, and is in the best interests of the Class Members.

## II. THE SETTLEMENT CLASSES, THE CLASS REPRESENTATIVES, AND PLAINTIFFS' CLASS COUNSEL

3.      The Court provisionally certifies the following classes for settlement purposes only:

    a.   <u>HealthExtras Settlement Class</u>

        Any individuals who paid for or received any benefits or memberships from or relating to any Benefits Program for which any insurance coverage was underwritten by National Union Fire Insurance Company of Pittsburgh, Pa., Federal Insurance Company, Reliance National Insurance Company, Zurich American Insurance Company, or AMEX Assurance Company.

b.   Stonebridge Settlement Class

Any individuals who paid for or received any benefits or memberships from or relating to any Benefits Program for which any insurance coverage was underwritten by J.C. Penny Life Insurance Company, or Stonebridge Life Insurance Company.

4.   Excluded from the Settlement Classes are (i) Defendants, their officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which they have a controlling interest, and (ii) judges, justices, magistrates, or judicial officers presiding over the Actions.

5.   The Court further appoints the following individuals as representatives of the certified Settlement Classes.

a.   HealthExtras Settlement Class Representatives

1.   Stephen Giercyk,
2.   Ajay Das,
3.   Rita Campbell,
4.   Mario Petruzzo,
5.   Ralph Williams,
6.   Manette DuBuisson,
7.   Jayantilal Patel,
8.   Virginia Riker,
9.   Jeffrey and Kimberly Bush,
10.  Arie Waiserman,
11.  Robert and Maria Watson,
12.  Larry and Linda Lake,
13.  Christine Hine,
14.  Dagmar Durcik, and
15.  Thomas and Kim Broome.

b.   Stonebridge Settlement Class Representatives

1.   Alice Lacks,
2.   Kenneth Graham,
3.   Sharen Smith,
4.   James and Emma Imes,
5.   Deborah and Paul Johnson; and
6.   Danny and Tracy Walker.

6.      The Court appoints Class Counsel to represent the Settlement Classes as follows:

Joseph "Jay" H. Aughtman, Esq.                      Aaron Hemmings, Esq.
Aughtman Law Firm, LLC.                             Hemmings & Stevens, P.L.L.C
1772 Platt Place                                    5613 Duraleigh Road, Suite 151
Montgomery, AL 36117                                Raleigh, NC 27675-0698

Richard M. Golomb, Esq.
Kenneth Grunfeld, Esq.
Golomb & Honik, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102

For purposes of these settlement approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as Class Counsel and have fairly and adequately represented the interests of the Class Members for purposes of this Settlement.

7.      The Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.  The Court finds, in the specific context of this Settlement, that the following requirements are met:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class Members; (c) Plaintiffs' claims are typical of the claims of the Class Members they seek to represent for purposes of Settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Class Members and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; and (e) the questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member and the resolution through class action settlement is a superior method of settling the controversy under the criteria set forth in Rule 23.

8.     The Court also concludes that, because the Actions are being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

9.     The Court finds that the Settlement falls within the range of reasonableness because it includes a meaningful amount of cash benefits relative to the merits of Plaintiffs' claims and the Defendants' defenses, and also because the Settlement has key indicia of fairness, in that: (1) the negotiations occurred at arm's-length and involved an experienced private mediator; (2) there was extensive litigation and discovery in the Actions; and (3) the proponents of the Settlement are experienced in similar litigation.  The Court further finds that there is a sufficient basis for notifying the Settlement Classes of the Settlement, and for enjoining the Class Members from proceeding in any other action pending the Court's determination of whether it should finally approve the Settlement.

10.     Prior to the Final Approval Hearing, Defendants shall secure a form of acceptable release from HealthExtras, LLC pursuant to Federal Rule of Bankruptcy Procedure 9019 in the bankruptcy action styled *In Re: HealthExtras, LLC*, No. 15-10368 (D. Md. Bankr.) (the "9019 Order").  If within fourteen (14) days prior to the Final Approval Hearing, a final, non-appealable 9019 Order does not yet exist, Defendants may, in their discretion, file a motion with the Court requesting that the entry of the Final Approval Order and Judgment be deferred until after the bankruptcy court has approved the 9019 Order and such order becomes final with no further appeals permitted.

## III.     THE SETTLEMENT AGREEMENT, NOTICE PLAN AND SETTLEMENT ADMINISTRATION

11.     The Court approves the terms of the Settlement Agreement, the notice plan in its entirety, including the procedures for Class Members to exclude themselves from the Settlement

12.     The Court approves the establishment of a Settlement Website as described in the Settlement Agreement, which shall include the Settlement Agreement, the contents of the Postcard Notice and Long Form Notice, orders of the Court relating to the Settlement, any application for Attorneys' Fees and Expenses, and Case Contribution Fees, and such other information as Defendants' counsel and Class Counsel mutually agree would inform the Settlement Classes regarding the Settlement.  The Settlement Website shall also include printable and downloadable Claim Forms, and allow Class Members to file claims online through the Settlement Website.

13.     The Court also approves the establishment of a Post Office box and a toll-free telephone line, which shall be provided to Class Members via notice and the Settlement Website.

14.     The Court hereby appoints Heffler Claims Group as the Settlement Administrator.

15.     As set forth in detail the Settlement Agreement, the Settlement Administrator shall be responsible for, without limitation:

a.      Obtaining and processing the requisite data for notice;

b.      Establishing a Settlement Website, Post Office box and toll-free telephone line;

c.      Responding to requests and other inquiries from Class Members, and forwarding written inquiries to the Parties if warranted;

d.      Printing, mailing, or arranging for the dissemination of notice;

e.      Handling returned mail not delivered to Class Members;

f.      Receiving and maintaining on behalf of the Court any Class Member correspondence regarding requests for exclusion and/or objections to the Settlement;

g.     Paying any Taxes from the Settlement Fund that may arise;

h.     Reviewing and determining the validity of all claims filed;

i.     Processing and transmitting distributions to Class Members from the Settlement Fund;

j.     Paying invoices, expenses, and costs upon approval by Class Counsel and Defendants; provided however that the Settlement Administrator shall provide the Parties with written notice no less than three (3) business days prior to any disbursements from the Escrow Account in excess of $100,000; and

k.     Carrying out such other responsibilities as are provided for in the Settlement Agreement or may be ordered by the Court or agreed upon by the Parties.

16.     The following sets forth deadlines regarding the duties of the Settlement Administrator:

a.     30 days after Preliminary Approval is ordered, the Settlement Administrator shall establish and make operational the Settlement Website, Post Office box and toll-free telephone line and post, among other things, the Preliminary Approval on the Settlement Website;

b.     Within 60 days after Preliminary Approval, the Settlement Administrator shall mail Postcard Notice;

17.     The Court finds that the notice plan described above is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the notice complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Class Members who would be bound by the Settlement. The Court also finds that the notice complies with Rule 23(c)(2), as it is also the best form and manner of notice practicable under the circumstances, provides individual notice to all members of the Settlement Classes who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise

## IV.     REQUESTS FOR EXCLUSION AND OBJECTIONS

18.     Any request for exclusion or objection must be postmarked on or before 170 days after entry of the Preliminary Approval Order.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

19.     Each Class Member who wishes to be excluded from the Settlement Classes and follows the procedures set forth in this Paragraph shall be deemed excluded from the Settlement Classes.  Any member of the Settlement Classes wishing to opt out of the Settlement must send to the Settlement Administrator by U.S. Mail using the contact information identified in the notice materials attached as exhibits to Class Counsels' Declaration supporting Preliminary Approval and approved herein, written request to opt out or be excluded from the Settlement. The request must include:

      a.     The individual's name and address;

      b.     A statement that he or she wants to be excluded from the Settlement in *Giercyk v. National Union fire Insurance Company of Pittsburgh, PA, et al.,* D.N.J., No. 2:13-cv-6272, and;

      c.     The individual's signature.

20.     Class Members who do not timely exclude themselves and who wish to object to any aspect of the Settlement, including the requested Attorneys' Fees and Expenses or Case Contribution Fees, must deliver an objection to the Court, either electronically filed via ECF or mailed to the Court and counsel, via first-class mail, postage prepaid, to:

*The Court:*

> Clerk of the Court
> Martin Luther King Building & U.S. Courthouse
> 50 Walnut Street, Room 4015
> Newark, NJ 07101

*Class Counsel:*

> Joseph "Jay" H. Aughtman
> Aughtman Law Firm, LLC.
> 1772 Platt Place
> Montgomery, AL 36117

*Defense Counsel:*

> T. Robert Scarborough
> Sidley Austin LLP
> One South Dearborn
> Chicago, IL 60603

21.     To be considered, any such objection shall include:

    a.     The name of the Action (*Giercyk v. National Union fire Insurance Company of Pittsburgh, PA, et al.,* D.N.J., No. 2:13-cv-6272);

    b.     The objector's full name, address, and telephone number;

    c.     An explanation of the basis upon which the objector claims to be a Class Member;

    d.     All grounds for the objection, accompanied by any legal or factual support for the objection known to the objector or his counsel;

    e.     The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application and legal and factual support for such fees;

    f.     The identity of all counsel representing the objector who will appear at the Final Approval Hearing (if any);

g.      A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;[2] and

h.      The objector's signature (an attorney's signature is not sufficient).

22.     All Class members who timely exclude themselves shall not be members of the Settlement Classes, shall not be bound by the Settlement Agreement or the Final Order and Final Judgment, and shall relinquish their rights to submit a claim or receive benefits with respect to the Settlement Agreement, should it be approved, and relinquish their rights to file an objection to the Settlement.

23.     Any member of the Settlement Classes who fails to file and serve a valid and timely written objection in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

24.     Settlement Class Members who do not timely exclude themselves shall be bound by all the terms and provisions of the Settlement Agreement, including any release set forth therein, the Final Order, and the Final Judgment, whether or not such Class Member objected to the Settlement or submitted a Claim Form.

25.     The Settlement Administrator shall provide copies of any requests for exclusion and objections to the extent received by it to Class Counsel and Defendants' counsel as provided in the Settlement Agreement and upon request.

---

[2] No Settlement Class Member or counsel hired at the Settlement Class Member's own expense shall be entitled to be heard at the Final Approval Hearing unless the objector or his or her attorneys who intend to make an appearance at the Final Approval Hearing state their intention to appear in the objection filed with the Court.

## V.     CLASS SETTLEMENT FUND

26.     The Court finds that the Class Settlement Fund is a "qualified settlement fund" (QSF) as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

a.     The Class Settlement Fund is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

b.     The Class Settlement Fund is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

c.     The assets of the Class Settlement Fund are to be segregated from other assets of the Defendants, the transferors of the payment to the Class Settlement Fund.

## VI.    PRELIMINARY INJUNCTION, LEAVE TO FILE MOTION, SCHEDULE OF DATES AND THE FINAL APPROVAL HEARING

27.     In further aid of the Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and members of the Settlement Classes are preliminarily enjoined under Federal Rule of Civil Procedure 65 and barred from commencing or prosecuting any action or proceeding asserting any of the Released Claims either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any court.  Any person or entity who knowingly violates such injunction shall pay the costs and attorney's fees incurred by all Defendants or any other Released Party as a result of such violation.

28.     The Court grants Plaintiffs leave to file a Motion for Attorneys' Fees, reimbursement of Expenses, and for Case Contribution Fees for the Plaintiffs, in accordance with the Settlement Agreement.  The motion must be filed within 150 days of Preliminary Approval and shall be made available to Class Members on the Settlement Website after it is filed.

29.     The Final Approval Hearing shall be held before this Court located at 50 Walnut Street in Newark, New Jersey 07101 on ~~April 20,~~ 2016 [approximately 190–210 days after entry of the Preliminary Approval Order], at ~~2:00~~ a.m./~~p.m.~~, to determine whether the Settlement Agreement is fair, reasonable, and adequate and should receive Final Approval.  At that time, the Court will also rule on Class Counsel's separate application for any Fee, Expense and Plaintiffs' Case Contribution Fees.

30.     In summary, the relevant dates for the settlement approval process are as follows:

| **Deadline** | **Dates** |
|---|---|
| Entry of Court Order granting Preliminary Approval | ~~10/12/16~~ |
| Website launch | 30 days after Preliminary Approval |
| Notice is mailed and published | 60 days after Preliminary Approval |
| Filing Deadline for Plaintiffs' Motion for Attorneys' fees, Expenses and Case Contribution Fees | 150 days after Preliminary Approval |
| Deadline for objections and requests for exclusion | 170 days after Preliminary Approval |
| Deadline for Filing Claims | 170 days after Preliminary Approval |
| Filing Deadline for Plaintiffs' Motion for Final Approval | 185 days after Preliminary Approval |
| Final Approval Hearing | ~~4/20/17~~<br><br>(approximately 190–210 days after Preliminary Approval to be set by the Court) |

31.     These dates may be extended by order of the Court, for good cause shown, without further notice to the Settlement Classes, except that notice of any such extensions shall be posted to the Settlement Website.   Members of the Settlement Classes should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

## VII.   EFFECT ON SETTLEMENT OF FAILURE TO REACH THE EFFECTIVE DATE

32.     In the event the Parties fail to obtain a Final Order and a Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms or the Effective Date does not occur for any reason, the Parties reserve all of their rights, including the right to continue with the litigation and all claims and defenses pending at the time of the Settlement, including with regard to any effort to certify the case as a class action.

33.     The preliminary certification of the Settlement Classes shall be binding only with respect to the settlement of the Actions.  In the even that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Classes shall be deemed vacated, the Actions shall proceed as if the Settlement Classes had never been certified, and no reference to the Settlement Classes, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in any Action, or any other action or proceeding.  Moreover, pursuant to the terms of the Settlement Agreement, the Further Amended Complaint shall be withdrawn and Plaintiffs shall proceed under the Fourth Amended Complaint, and Virginia Surety and the Alliant Defendants shall be dismissed from this Action with prejudice.

## VIII.   OTHER PROVISIONS

34.     Any Class Member may enter an appearance in this litigation, at his or her own expense, individually or through counsel.  All Class Members who do not enter an appearance will be represented by Class Counsel.

35.     The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Classes.  After the Final Approval Hearing, the Court may enter a Final Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Class Members with respect to the claims being settled.

36.     Neither the Settlement Agreement nor any of its provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, or the Final Judgment and Order), negotiations, or proceedings relating in any way to the Settlement, are not and shall not be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence or a presumption, concession, or admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Actions, or any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise.  However, nothing contained herein shall prevent the Settlement Agreement (or any of the documents relating in any way to the Settlement) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement or the Final Approval Order and Judgment.

37.     Class Counsel and Defendants' counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the notice, or to the form or content of any other of the materials submitted in support of Preliminary Approval, that the Parties jointly agree are reasonable or necessary, and which do not materially limit the rights of Class Members under the Settlement Agreement.

38.     This Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Classes.

**IT IS SO ORDERED, this** 3 **day of** _____, **2016.**

**BY THE COURT:**

_____
**UNITED STATES DISTRICT COURT JUDGE**
**MADELINE COX ARLEO**

-15-