# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY (NEWARK)

| | |
|---|---|
| Stephen Giercyk, Ajay Das and James and Emma Immes, on behalf of themselves and all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> National Union fire Insurance Company of Pittsburgh, PA, d/b/a National Union Fire Insurance Company, a division of American International Group, Inc. (AIG), Healthextras, Inc., Healthextras Benefits Administrators, Inc., Catamaran Health Solutions, LLC f/k/a Catalyst Health Solutions, Inc., Healthextras Insurance Agency, Inc., American International Group, Inc., d/b/a Group Insurance Trust, for the account of Healthextras, Alliant Insurance Services, Inc., f/k/a Driver Alliant Insurance Services, Inc., Alliant Services Houston, Inc., f/k/a JLT Services Corporation, and Alliant Insurance, Services Houston, LLC, f/k/a Capital Risk, LLC and f/k/a Jardine Lloyd Thompson, LLC and Virginia Surety Company, Inc. <br><br> Defendants. | Civil Action No: 2:13-cv-6272-FSH-MAH <br><br><br> CLASS ACTION |

## [proposed] FINAL JUDGMENT AND ORDER

**THIS MATTER COMING BEFORE THE COURT** on Plaintiffs' motion for final approval of the proposed class action settlement set forth in the Settlement Agreement and General Release dated September __7__, 2016. On __October 13__, 2016, this Court entered its Order (1) Preliminarily Approving Class Action Settlement, (2) provisionally certifying settlement classes, (3) appointing class counsel, (4) approving the notice plan, and (5) scheduling a Final Approval Hearing. The Court, having held a fairness hearing on the fairness, adequacy, and reasonableness of the settlement on April __27__ MH, 2017, and having considered all of the written

submissions, objections, and oral arguments made in connection with final settlement approval, it is **HEREBY ORDERED, ADJUDGED, and DECREED** as follows:

1. Unless defined herein, all defined terms in this Final Judgment and Order ("Order") shall have the respective meanings as the same terms in the Settlement Agreement.

## I. THE BEST NOTICE PRACTICABLE WAS PROVIDED TO THE SETTLEMENT CLASSES

2. Notice to the Settlement Classes has been provided in accordance with the Court's Preliminary Approval Order. The notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the settlement.

3. The Court-approved Notice satisfied due process requirements because it adequately described the claims at issue and contained the information reasonably for Class Members to make a decision to remain in the Classes and be bound by the final judgment.

4. All Settlement Class members who failed to submit an objection to the settlement in accordance with the deadline and procedure set forth in the Preliminary Approval Order are deemed to have waived and are forever foreclosed from raising any objection to the settlement. ✱

5. The Class Representatives, Defendants, and the HealthExtras Settlement Class and Stonebridge Settlement Class members who have not timely excluded themselves from the Settlement Classes have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute relating in any way to, or arising out of, the Released Claims, the Settlement Agreement, or this Final Judgment and Order.

6. The Parties and any and all Class Members who did not timely exclude themselves from the Settlement Classes are bound by the terms and conditions of the Settlement Agreement.

✱ *The court has considered the objection of William Mc Grann and it is overruled.* /MLA/

-2-

## II. THE SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE, AND THEREFORE IS FINALLY APPROVED UNDER RULE 23

7. The settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Settlement Agreement was arrived at through good-faith bargaining at arm's-length, without collusion, conducted by counsel with substantial experience in prosecuting and resolving consumer class actions. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims and will avert continued litigation between the parties. The consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Actions, and in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class actions through trials and appeals in the Actions.

8. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

9. Under Rule 23(b)(3), the Court makes final its previous conditional certification of the Settlement Classes, defined as:

   a. <u>HealthExtras Settlement Class</u>

   Any individuals who paid for or received any benefits or memberships from or relating to any Benefits Program for which any insurance coverage was underwritten by National Union Fire Insurance Company of Pittsburgh, Pa., Federal Insurance Company, Reliance National Insurance Company, Zurich American Insurance Company, or AMEX Assurance Company.

   b. <u>Stonebridge Settlement Class</u>

   Any individuals who paid for or received any benefits or memberships from or relating to any Benefits Program for which any insurance coverage was underwritten by J.C. Penny Life Insurance Company or Stonebridge Life Insurance Company.

10. The individuals identified on Exhibit A to this Order are hereby excluded from the Settlement Classes.

11. The requirements of Rule 23(a) and (b)(3) have been satisfied. The members of the Settlement Classes are so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Classes; the claims of the Class Representatives are typical of the claims of the Settlement Classes; the Class Representatives will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to members of the Settlement Classes predominate over any questions affecting only individual members.

12. The preliminary appointment of Golomb & Honik, P.C. / The Aughtman Law Firm / Hemmings & Stevens, PLLC as Class Counsel is hereby made final. Class Counsel is experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately protected the interests of the Settlement Class.

13. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (a) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Actions, or any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding or other forum, or (b) any liability, responsibility, fault, wrongdoing or otherwise of Defendants. Defendants have denied and continue to deny the claims asserted in the Actions. Nothing contained herein shall be construed

to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

14. The certification of the Settlement Class shall be binding only with respect to the settlement of the Actions. In the event that the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Classes shall be deemed vacated, the Actions shall proceed as if the Settlement Classes had never been certified, and no reference to the Settlement Classes, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in the Actions or any other action or proceeding.

### III. Class Release

15. In exchange for the benefits conferred by the Settlement, all Settlement Class Members who do not opt out will be deemed to have released the Defendants from claims related to the subject matter of the Action. The detailed release language is found in Section V of the Agreement.

16. *Class Member Releases.* The HealthExtras Settlement Class, the Stonebridge Settlement Class, and the Class Representatives, on behalf of themselves, their present and former spouse(s), as well as present, former and future respective administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, successors-in-interest, and beneficiaries, shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged, and shall be forever enjoined from the prosecution of, each and every Released Claim (including unknown claims), whether arising before or after the date of this Order, against any and all of Defendant Released Parties (as defined in paragraph 1.15 of the Settlement Agreement, which definition, for the avoidance of doubt, confirms that without limiting the foregoing and subject to the Judgment

Reduction provision set forth in paragraph 19 below, the Plaintiffs specifically do not release any and all claims they may have against Stonebridge Life Insurance Company, Federal Insurance Company, J.C. Penny Life Insurance Company, J.C. Penny Direct Marketing Services, Inc., or Transamerica Financial Life Insurance Company, their present, former, and future direct and indirect affiliates, agents, assigns, attorneys, directors, employees, officers, members and shareholders, divisions, predecessors, parent companies, subsidiaries, and successors).

17.  **Defendant Releases.**  The Defendant Released Parties, fully, finally, and forever release, relinquish and discharge each and every claim that they have or may have against one another, including but not limited to claims for indemnity or contribution arising out of or related in any way to the subject matter of the Released Claims, the Benefit Programs, the Actions, or the claims that were or could have been asserted in such Actions, provided that nothing herein is intended to or shall be deemed to constitute a release of any claims that any of the Defendant Released Parties may have against any of their insurers for insurance coverage under any insurance policy issued by an insurer to a Defendant Released Party.

18.  **Releases of Unknown Claims.**  The Parties acknowledge that they may have claims that are currently unknown and that the releases are intended to and will fully, finally, and forever discharge all claims released herein, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist that could have been asserted in the Actions, which if known, might have affected their decision to enter into this release. Each Party is deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims, provided that, without limiting the foregoing, the Parties specifically do not release any unknown claims they may have against

Stonebridge Life Insurance Company, Federal Insurance Company, J.C. Penny Life Insurance Company, J.C. Penny Direct Marketing Services, Inc., or Transamerica Financial Life Insurance Company, their present, former, and future direct and indirect affiliates, agents, assigns, attorneys, directors, employees, officers, members and shareholders, divisions, predecessors, parent companies, subsidiaries, and successors. In making this waiver, the Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of these releases, but agree that they have taken that possibility into account in reaching the Settlement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by Plaintiffs, the Class Members, and all Parties, of any and all rights under California Civil Code Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH, IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

In addition, Plaintiffs, Class Members, and all Parties also expressly waive any and all provisions, rights, and benefits conferred by any law or principle of common law or equity, that are similar, comparable, or equivalent, in whole or in part, to California Civil Code Section 1542.

19. **Judgment Reduction.** In the event that the Class Members, or any of them, obtain a judgment, award, recovery, or settlement on any claim against any person or entity not included in the Defendant Released Parties (a "Non-Settling Party"), including, but not limited to

Federal Insurance Company, J.C. Penny Life Insurance Company, J.C. Penny Direct Marketing Services, Inc., Transamerica Financial Life Insurance Company or Stonebridge Life Insurance Company that directly or indirectly arises out of or relates to the Benefits Programs (including, but not limited to (i) the marketing, pricing, termination, administration, regulation, approval, or licensing of the Benefits Programs and/or the payment or nonpayment of any claims submitted thereunder; (ii) the insurance provided in connection with the Benefits Programs, including but not limited to its regulatory compliance, enforceability, administration, scope of coverage, premiums, or loss ratios; (iii) any other obligations owed to any Class Member as a direct or indirect result of the Class Member's enrollment in the Benefits Programs and/or any benefit provided to any Class Member as a result of their enrollment in the Benefits Programs); or (iv) the Actions or the claims asserted therein, the Class Member(s) shall voluntarily reduce, and the Non-Settling Party shall be entitled to a reduction of, any such judgment, award, recovery, settlement or other form of monetary relief against such Non-Settling Party by the "Judgment Reduction Amount." The "Judgment Reduction Amount" is the amount necessary under applicable law to extinguish, discharge, satisfy or otherwise preclude any and every "Contribution Claim" (defined below) that the Non-Settling Party now is, hereafter will be, or but for the Bar Order concurrently entered by this Court otherwise would be entitled to bring against the Defendant Released Parties, or any of them, and includes, without limitation, an amount equal to the aggregate proportionate shares of liability, if any, of the Defendant Released Parties, or any of them, for the Released Claims. "Contribution Claim" shall mean and include any claim for subrogation, contribution or indemnification (whether equitable, contractual or otherwise) arising out of or relating to the Benefits Programs (including, but not limited to (i) the marketing, pricing, termination, administration, regulation, approval, or licensing of the Benefits Programs and/or the payment or nonpayment of any claims submitted thereunder; (ii) the

insurance provided in connection with the Benefits Programs, including but not limited to its regulatory compliance, enforceability, administration, scope of coverage, premiums, or loss ratios; (iii) any other obligations owed to any Class Member as a direct or indirect result of the Class Member's enrollment in the Benefits Programs and/or any benefit provided to any Class Member as a result of their enrollment in the Benefits Programs); or (iv) the Actions or the claims asserted therein, as well as any claim, however denominated and regardless of the allegations, facts, law, theories, or principles on which it is based, in connection with which the injury the Non-Settling Party alleges having suffered includes the Non-Settling Party's actual or threatened liability to the Class Members, or any of them, or any amounts paid as judgment or in settlement of such actual or threatened liability, or any other costs or expenses (including necessary attorneys' fees) incurred in connection with claims threatened or asserted by Class Members. The Judgment Reduction amount shall be determined by the court at the time of entry of any judgment or award against the Non-Settling Party, or at the time of any settlement between the Non-Settling Party and the Class Members, or any of them.

20.  The Class Members, or any of them, shall use reasonable measures to minimize the possibility of and/or mitigate the value of any claim by any Non-Settling Party against the Defendant Released Parties, or any of them. In furtherance of this obligation, if the Class Members settle any claim with any Non-Settling Party that directly or indirectly arises out of or relates to the Benefits Programs (including, but not limited to (i) the marketing, pricing, termination, administration, regulation, approval, or licensing of the Benefits Programs and/or the payment or nonpayment of any claims submitted thereunder; (ii) the insurance provided in connection with the Benefits Programs, including but not limited to its regulatory compliance, enforceability, administration, scope of coverage, premiums, or loss ratios; or (iii) any other currently-unperformed obligations owed to any Class Member as a direct or indirect result of the

Class Member's enrollment in the Benefits Programs and/or any benefit provided to any Class Member as a result of their enrollment in the Benefits Programs), the Actions or the claims asserted therein, the Class Member(s) shall use reasonable efforts to obtain from such Non-Settling Party an agreement to waive or release any and all claims that the Non-Settling Party may have against the Defendant Released Parties, or any of them.

21. **_Permanent Injunction._** Class Representatives, the HealthExtras Settlement Class members, and the Stonebridge Settlement Class members are permanently enjoined and barred from commencing or prosecuting any action or proceeding asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency, or other authority or forum wherever located. Any person or entity that knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants or a Defendant Released Party as a result of such violation.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

22. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over this action, the Parties, and all Settlement Class members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement.

23. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

24. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to

oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment.

25.   Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses this action with prejudice and without fees or costs, except as provided in the Settlement Agreement or this Order. Plaintiffs are ordered to file notices of dismissal with prejudice in all other Actions within ten (10) days of the entry of this Order.

IT IS SO ORDERED, this 27 day of April, 2016.

BY THE COURT:

_____
UNITED STATES DISTRICT COURT JUDGE
MADELINE COX ARLEO