# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**STEPHEN GIERCYK, et al.,**

*Plaintiffs,*

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al.,**

*Defendants.*

**Civil Action No. 13-6272**

**OPINION**

**THIS MATTER** comes before the Court on Class Counsel Golomb & Honik, P.C., The Aughtman Law Firm, and Hemmings & Stevens, PLLC's (collectively "Class Counsel") motion to enjoin a Florida state action brought by Zebersky Payne LLP ("Zebersky") against Class Counsel on May 16, 2017 in the 17th Circuit, Broward County, Case No. CACE-17-009363 (the "Florida State Court Action"), pursuant to the All-Writs Act, 28 U.S.C. § 1651, and to approve the fee allocation recommendation made as to Zebersky. ECF No. 295. Zebersky opposes the motion, ECF No. 299. For the reasons set forth below, Class Counsel's motion is **GRANTED** in part and **DENIED** in part.

## I.     Background

This action arises out of a fee dispute in connection with a multi-jurisdictional consumer class action. On April 27, 2017, this Court issued an Order (the "Order"), ECF No. 292, which approved a final Settlement Agreement, ECF No. 296, Ex. C ("Agreement"), between the parties and appointed Class Counsel. Id. ¶ 12.[1] The Settlement Agreement contains a provision directing

---

[1] The Court had entered an Order preliminarily approving the three law firms as Class Counsel on October 13, 2016. ECF No. 268.

Class Counsel to allocate attorneys' fees and expenses between co-counsel and local counsel.  Id. ¶ 6.2.[2]  As part of the Court's Order, this Court retained "exclusive jurisdiction over this action, the Parties and all Settlement Class members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement."  Order ¶ 22.

Zebersky was one of 16 law firms involved in the underlying class action litigation and represented the Florida class as co-counsel with Class Counsel.  ECF No. 296 at 2.  Zebersky and Class Counsel were parties to two Joint Prosecution Agreements that delineated the responsibilities of the various law firms during the course of this litigation.  Id., Ex. E, F.

Zebersky has initiated the Florida State Court Action challenging Class Counsel's fee allocation and seeking declaratory judgment that Class Counsel and Zebersky are required to mediate the dispute over attorneys' fees under the first Joint Prosecution Agreement.  Id., Ex. D. Class Counsel seek to enjoin that action under the All Writs Act on the ground that this Court retained exclusive jurisdiction over all matters relating to the settlement.

## II.     Legal Standard

The All Writs Act empowers district courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions."  28 U.S.C. § 1651(a).  The All Writs Act is limited by the Anti-Injunction Act, which prohibits a federal court from enjoining state court proceedings "except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or

---

[2] Paragraph 6.2 contains the following language: "Class Counsel shall determine the appropriate allocation of attorneys' fees and expenses among themselves, co-counsel, and local counsel, in their collective judgment and discretion, based on the expenses incurred and the contributions of counsel."

[3] to protect or effectuate its judgments." In re Linerboard Antitrust Litigation, 361 Fed. App'x. 392, 395 (3d Cir. 2010) (citing 28 U.S.C. § 2283). "If an injunction falls within one of [the Anti–Injunction Act's] three exceptions, the All–Writs Act provides the positive authority for federal courts to issue injunctions of state court proceedings." In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 134 F.3d 133, 143 (3d Cir. 1998). The exceptions should be construed narrowly and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs., 398 U.S. 281, 287, 297 (1970).

In a similar case, the Third Circuit considered the issue of enjoining a state court action concerning attorneys' fees under the All Writs Act in In re Linerboard. 361 Fed. App'x. 392. There, the district court relied on an order that appointed liaison counsel to assist with fee allocation among class counsel and retained jurisdiction over the fee allocation and any related disputes. Id. at 394-96. Based on that order, the district court enjoined a parallel state court fee dispute. Id. The Third Circuit upheld the district court's use of the All Writs Act under its power "in aid of jurisdiction" and "to protect or effectuate its judgments." Id.

The court explained that "[t]he 'in aid of jurisdiction' exception applies to preclude parallel state in rem proceedings and also authorizes injunctions in 'consolidated multidistrict litigation, where a parallel state court action threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation.'" Id. at 395-96 (citing In re Prudential Ins. Co. of America Sales Practice Litigation, 261 F.3d 355, 365 (3d Cir. 2001)). The "to protect or effectuate its judgments" exception—the relitigation exception—"was designed to permit a federal court to prevent state litigation of an issue that previously was presented to, and decided by, the federal

court." In re Linerboard, 361 Fed. App'x. at 396 (citing In re Prudential, 261 F.3d at 364). As set forth below, the Court finds an injunction is appropriate here in aid of its jurisdiction and to protect or effectuate its judgment.

### III. Analysis

### A. Exclusive Jurisdiction

Zebersky argues that the Court failed to retain jurisdiction over fee-related disputes in its Order, rendering In re Linerboard inapplicable to this case. Zebersky notes that the Court's Order fails to list "fee-related disputes" in the paragraph concerning the retention of exclusive jurisdiction, unlike that in In re Linerboard. See id., ECF No. 299 at 1, 18. Zebersky further notes that the Court's Order retains jurisdiction over "the Parties and all Settlement Class members" and argues that this means the Court did not retain jurisdiction over the lawyers in this action. See ECF No. 299 at 1-2; Order ¶ 22. The Court disagrees.

The Court retained exclusive jurisdiction "to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement." Order ¶ 22. This extends to fee allocation and to any related disputes between the lawyers since allocation of attorneys' fees is a necessary part of "implementation . . . of . . . [the Settlement] Agreement." See id. The Settlement Agreement, which the Court approved in its Order, tasks Class Counsel with the allocation of attorneys' fees. Agreement ¶ 6.2. That allocation is a "matter[] relating . . . to the . . . Settlement Agreement" and part of the "implementation . . . of . . . [the] Agreement," over which the Court retained jurisdiction. Order ¶ 22. Any dispute concerning that allocation is necessarily related to the implementation of the Settlement Agreement. The Court has retained exclusive jurisdiction over fee-related disputes.

**B. The All Writs Act**

Next, Zebersky argues that, even if the Court has retained jurisdiction over fee-related disputes, the Court cannot enjoin the Florida State Action under the All Writs Act. Zebersky notes that in In re Linerboard, the Third Circuit relied on the "in aid of jurisdiction" exception to the Anti-Injunction Act because the multi-district litigation in that case was ongoing and thus a parallel action threatened to "disrupt the orderly resolution of the federal litigation." In re Linerboard, 361 Fed. App'x at 395. Zebersky is correct that in this case, the underlying litigation is complete. But the matter of attorneys' fees has not yet been resolved. The Florida State Action directly implicates an unresolved matter over which this Court has exclusive jurisdiction, and threatens to frustrate the orderly allocation of attorneys' fees pursuant to this Court's Order. See In re Diet Drugs, 282 F.3d 220, 235 (3d Cir. 2002) (recognizing that a district court "may appropriately enjoin state court proceedings in order to protect its jurisdiction."). Here, In re Linerboard compels the conclusion that an injunction is necessary in aid of this Court's jurisdiction. There is no basis to adopt an unduly narrow reading of the All Writs Act as suggested by Zebersky.

Even if the Court were to accept Zebersky's argument that the case is concluded, the Court would still find that an injunction is appropriate to protect the finality of its judgment and prevent relitigation. Here, the Court issued an Order which, by approving the Settlement Agreement, delegated to Class Counsel the responsibility for allocating attorneys' fees "based on the expenses incurred and the contributions of counsel." Agreement ¶ 6.2. Rather than challenge the Settlement Agreement or Order, Zebersky chose to initiate a new proceeding in Florida state court "seek[ing] monetary damages from Class Counsel." ECF No. 299 at 19. Zebersky argues that the Florida State Action concerns a private contractual dispute between Zebersky and Class Counsel, but ignores the fact that the dispute concerns the allocation of attorneys' fees in this underlying

litigation, a matter on which this Court has already ruled. The Florida State Action threatens the finality of the Court's Order and cannot go forward. An injunction is necessary to protect or effectuate this Court's judgment.

**IV.     Conclusion**

For the reasons set forth herein, Class Counsel's motion to enjoin the Florida State Action is **GRANTED**. As the parties have not briefed Class Counsel's motion to approve the fee allocation recommendation as to Zebersky, that request is **DENIED** without prejudice. The parties are directed to meet and confer, and to file a subsequent motion if they cannot resolve that issue. An appropriate Order accompanies this Opinion.


**Dated: March 26, 2018**




*/s Madeline Cox Arleo*_____
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**